**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. KYLE HESTER, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>1. ED F. DAVIS, INC., a/k/a Ed F. Davis of Oklahoma, Inc.,<br><br>    Defendant. | Case No. CIV-2019- 358-KEW<br><br>ATTORNEY LIEN CLAIMED<br>JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, on behalf of himself and others similarly situated, pleads his claims as follows:

## PARTIES

1. The Plaintiff is Kyle Hester, an adult residing in Grayson County, Texas, who brings this action on behalf of himself and others similarly situated.

2. The Defendant is Ed F. Davis, Inc., a/k/a Ed F Davis of Oklahoma, Inc., a domestic company doing business in Bryan County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims, made on behalf of himself and others similarly situated, are for failure to pay wages, including overtime wages, minimum wages and agreed upon wages, in violation of the Oklahoma Protection of Labor Act (OPLA) and the Fair Labor Standards Act (FLSA). Jurisdiction over the federal claims is vested pursuant to 29 U.S.C. § 216. Jurisdiction over the state law claims is vested under 28 U.S.C. § 1367.

4. The actions giving rise to the claims of Plaintiff's and others similarly situated arose in Bryan County, Oklahoma, which is a county within the Eastern District of Oklahoma. The Defendant may be served in Bryan County. Wherefore, venue is proper in this Court under 28 U.S.C. 1391(b).

## STATEMENT OF FACTS

5. The Defendant is a distributor of alcoholic and non-alcoholic beverages produced by out-of-state companies, including Anheuser-Busch. Defendant maintains warehouses in Oklahoma and Texas and has at least five hundred thousand dollars ($500,000) in annual gross revenue. Accordingly, Defendant is an employer as defined by the FLSA.

6. The Plaintiff began working for the Defendant around July 3, 2019.

7. Around January 2019 the Plaintiff was transferred to a job position at Defendant's warehouse where Plaintiff's job duties primarily consist of fulfilling orders of Budweiser beer by locating such product within the warehouse, placing such product on pallets and placing wrapping around the pallets, and loading vehicles to deliver such product within the state of Oklahoma. Plaintiff is also responsible for maintaining the cleanliness of the facility by removing trash and re-packing broken cases.

8. Plaintiff and others similarly situated (hereinafter referred to as "warehouse employees").

9. Upon becoming a warehouse employee, the Plaintiff was told by Derek (last name unknown) (Supervisor) that his compensation was based on working forty hours per week (8 hours per day, Monday through Friday).

10. Defendant paid the Plaintiff a flat rate of $1,166.67 each pay period and there were two pay periods per calendar month.

11. The Defendant does not allow warehouse employees to maintain their own records of hours worked, including through a time-card or other system provided by Defendant.

12. Rather, the supervisors of Plaintiff and other warehouse employees track the hours worked by warehouse employees and during most weeks do not accurately record the hours worked by employees.

13. For instance, Defendant will tell the Plaintiff and other warehouse employees that their scheduled shift is from 9 a.m. to 6 p.m., with a one hour break (i.e. an 8 hour period of work).  However, Defendant will require Plaintiff and other warehouse employees to work later than 6 p.m. and sometimes several hours later.  Defendant will not record the additional hours worked by Plaintiff and other warehouse employees, will record only the hours worked between the 8 hour paid work-day, and will not pay Plaintiff and other warehouse employees for these additional hours worked.

14. During nearly every week between January 2019 and the present, the Defendant has required the Plaintiff to work more than forty (40) hours per week.

15. The Defendant has refused to pay Plaintiff overtime compensation for any of the hours he worked in excess of forty each work-week.

16. To Plaintiff's knowledge and belief, the Defendant does not pay other warehouse employees overtime even though such employees work more than forty hours during most work-weeks.

17. Defendant's failure to overtime compensation to Plaintiff and other warehouse employees violates the FLSA, which requires employers to pay employees at least 1.5 times their regular rate of pay for all hours worked in excess of forty in a work-week.

18. On several days while working as a warehouse employee, the Defendant failed to pay the Plaintiff and other warehouse employees for all hours worked, resulting in these employees receiving less than minimum wages for the hours worked. The Plaintiff was paid less than minimum wages on multiple days, including around January 9, 2019, March 25, 2019, June 10, 2019, August 7, 2019 and August 23, 2019.

19. As a direct result of Defendant's conduct, the Plaintiff along with others similarly situated have suffered damages in the form of wage loss, including overtime benefits.

20. Failure to maintain accurate records of hours worked by employees, and failure to pay overtime and minimum wages violate the Fair Labor Standards Act.

21. Plaintiff and others similarly situated are entitled to recover their wage loss, including unpaid minimum wages, unpaid overtime and unpaid agreed-upon wages, along with liquidated damages under both the federal and state law claims.

22. Because the Defendant's conduct was willful other warehouse employees are entitled to recover wage loss (including overtime and minimum wages) for a period of three years prior to the filing of this lawsuit.

## COUNT II

Plaintiff incorporates the above paragraphs and further alleges:

23. Failure to pay minimum wages and agreed-upon wages violate Oklahoma's Protection of Labor Act.

24. Under this Count the Plaintiff and others similarly situated are entitled to recovery of their wage loss and an equal amount of liquidated damages.

## COLLECTIVE/CLASS CERTIFICATION

25. To Plaintiff's knowledge, there are at least fifty to one hundred employees in Oklahoma who also worked as warehouse employees and performed similar job duties as the Plaintiff, but were not paid all wages owed (including overtime and/or minimum wages).

26. Defendant has taken the following actions with respect to Plaintiff and others similarly situated employees:

    A. Failed to maintain accurate records of the hours worked by such employees;

    B. Failed to pay minimum wages for all hours worked by such employees;

    C. Failed to pay overtime wages for hours worked by such employees in excess of forty in a work-week;

    D. Failed to pay all wages agreed upon between the Defendant and/or the employees.

27. The actions described above, including in paras. 7-18, constitute violations of the Fair Labor Standards Act, 29 U.S.C. §§ 206-07, *inter alia*, and Oklahoma's Protection of Labor Act, 40 Okla. St. §§ 165.1, *et seq*.

28. The Plaintiff, together with other warehouse employees who performed similar job duties as the Plaintiff, were victims of a single decision, policy or plan that included decisions to not pay Plaintiff and other warehouse employees minimum wages, overtime wages and/or agreed-upon wages and failed to maintain accurate records of

the hours worked by such employees, in violation of the FLSA and/or OPLA.

29. The class is specifically knowable to include other employees who worked in the Defendant's warehouses and performed similar job duties the Plaintiff performed as a warehouse employee. Such warehouse employees are similarly situated to the Plaintiff in that they worked for the same employer, performed the same and/or similar job duties as the Plaintiff, were not paid for all wages earned, including minimum wages and agreed-upon wages, and worked more than forty hours in one or more work-weeks, but were not paid overtime compensation for such hours worked.

30. For these reasons the Plaintiff is entitled to conditional certification of the class under the FLSA at this time and, after discovery is substantially complete, to file certification of the class under the FLSA and OPLA.

31. The class is sufficiently numerous that it is impractical to name each member of the class individually, such that a class action is the most economical, expeditious and just way of managing this claim.

32. There are questions of law or fact common to the class, including whether the employees worked hours and earned wages for which they were not compensated.

33. Plaintiff, as a class representative, shares the same questions of law and fact with other class members and will fairly and adequately protect the interests of the class.

34. The only factual matter different between the collective plaintiffs would be the amount of wages loss and the damages owed.

## **PRAYER**

**WHEREFORE**, Plaintiff, on behalf of himself and other similarly situated, prays that he be granted judgment in his favor and against the Defendant on claims and that this Court grant the Plaintiff and others in the class all available compensatory damages, liquidated damages, pre-and post-judgment interests, costs, attorneys' fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 25th DAY OF OCTOBER, 2019.**

                HAMMONS, HURST & ASSOCIATES

                s/ Amber L. Hurst
                Mark E. Hammons, OBA No. 3784
                Amber L. Hurst, OBA No. 21231
                325 Dean A. McGee Avenue
                Oklahoma City, Oklahoma 73102
                Telephone: (405) 235-6100
                Facsimile: (405) 235-6111
                mark@hammonslaw.com
                amber@hammonslaw.com
                ATTORNEY LIEN CLAIMED
                *Attorneys for Plaintiff*